Pearson, J.
 

 This case falls under the second class of cases, which are discussed in
 
 Grandy
 
 v. Small, ante, 50. The principle is :
 
 “
 
 If a party to an executory contract is in a condition to demand a performance by being ready and able at the time and place, and the other party refuses to perforin his part, an
 
 offer
 
 is not necessary.” The time is fixed by the contract, to wit, the 10th of January, 1857, but the place is open. The plaintiff procured his wife to join in the execution of a deed to the defendant for the premises, which ivas duly acknowledged, with a fiat for registration, which he sent by an agent, who, on the 7th of January, offered to deliver it, if the defendant would execute the bonds according to the contract. The defendant declined receiving the deed, saying that he would
 
 *61
 
 not comply with his contract. The question is, do these facts support the averment that the plaintiff
 
 was. ready and able
 
 to deliver the deed
 
 on the day?
 
 No place being fixed by the contract, the rule is, where a party-is bound to pay money, or deliver any thing, other than ponderous articles, it is his duty to take it to the other party. The plaintiff did take the deed to the defendant and tender it, but it was before the day. He then had no right to require the defendant to accept it and deliver the bonds; consequently the defendant had a right to refuse to accept it at that time. Did his repudiation of the contract relieve the plaintiff from the duty of again taking it to him on the day fixed by the agreement ? The place is fixed by the law. So, it was not the duty of the defendant to fix a place, and he was in no default in not doing so. ■ Herein this case differs from
 
 Shaw
 
 v. Grandy, decided at this term,
 
 {ante
 
 56.) There, the place was fixed by the contract, and the time was open, and it became the duty of the defendant, under the circumstances, to fix a day. He was in default in not doing so. Here, the time is fixed by the contract, and the place by law, and we can see no ground upon which the plaintiff was discharged from the necessity of having the deed at the time and place. If he had carried it there, the class of eases above referred to, dispenses with the necessity of his making a formal offer to deliver it after the defendant had refused to perform his part of the contract; but the averment of readiness and ability to perform on his part, at the time and place, is not proved by his having the deed at home. It was certainly in his power, for aught that had been done or said, to have had the deed at the right place on the day. His not being ready and able was not caused by the default of the defendant, nor was he prevented by the defendant from having the deed there, or requested not to have it there j and as he intended to insist upon his legal rights, and knew that the defendant thought hard of it, it behooved him to see to it that all was done on his part that the law required. It is true, that the defendant had said positively that he would not comply, and begged to be discharged; but it is unreasona
 
 *62
 
 "ble to infer that he thereby intended to dispense with any act -on the part of the plaintiff that was necessary to be done in order to fix his liability. It is equally unreasonable to'allow .a party to go to the other before the day and extract a declaration that he does not intend to fulfil the contract, and then make use of it as an excuse for not performing an act that would be otherwise necessary, in order to perfect his cause of action ! What right has he to do so ? 'How does the declaration benefit the other party, or injure him ? How is it to be known that if he had put himself in a condition to demand a performance, and made the demand at the time and place, the other, seeing that his liability was fixed, would not have •changed his mind ? Upon what ground is he to be deprived of the
 
 locus penitentim ?
 
 If there be a request expressed, ox-implied, that he would not be at the trouble and expense of putting himself in a state of readiness, such request will be imputed to its effect upon the question of damages, and if acted upon, there is a consideration, and the case would fall under the principle of
 
 Cort
 
 v.
 
 Ambergate Railway Company,
 
 6 Engish Law and Equity, 230, and others cited in
 
 Grandy
 
 v.
 
 Small,
 
 decided at this term,
 
 (cmte
 
 50,) and dispense with readiness and ability at the time and place. In this case there is nothing that can be tortured into a request not to do what was required on his part. .No possible benefit could accrue to the defendant by dispensing with it, and there is no sense in supposing that he intended gratuitously to enable the plaintiff to subject him to the payment of damages in an easier manner than by strictly performing the stipulations of the contract. ■
 

 This case is governed by
 
 Grandy
 
 v.
 
 McCleese,
 
 2 Jones’ Rep. 142;
 
 Grandy
 
 v.
 
 Small,
 
 3 Jones’ Rep. 8, and
 
 Grandy
 
 v.
 
 Small, ante,
 
 50.
 

 Per Curiam, Judgment reversed, and a
 
 veni/re de novo.